# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TED HERBERT SCHULTEN,                )
                                     )
    Plaintiff,            )
                                     )    **No. 08 C 1181**
v.                                   )
                                     )    **Magistrate Judge Jeffrey Cole**
MICHAEL J. ASTRUE, Commissioner      )
of Social Security,                  )
                                     )
    Defendant.            )

## <u>MEMORANDUM OPINION AND ORDER</u>

Mr. Schulten seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, arguing that the Commissioner's position in denying his application for Disability Insurance Benefits ("DIB") was not substantially justified. He asks for an award of $8,180.25. For the following reasons, the petition is granted.

### A.

The EAJA provides that a district court may award reasonable attorney's fees where: (1) the plaintiff is a "prevailing party"; (2) the government's position was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. §§ 2412(d)(1)(A), (B); (d)(2)(A); *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378 (7ᵗʰ Cir. 2010); *Grieves v. Astrue*, 2010 WL 145114 (7ᵗʰ Cir. 2010); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7ᵗʰ Cir. 2004). Costs are available under 28 U.S.C. § 2412(a)(1). By virtue of the remand of his case, the plaintiff is the prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). There are no "special circumstances" alleged, *Golembiewski*, 382 F.3d at 724; *United States*

*v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000), and the plaintiff's application was timely filed and is supported by an itemized statement. As to the final point – whether the government's position was substantially justified – the Commissioner's bears the burden of proof. *Scarborough v. Principi* 541 U.S. 401, 416 (2004); *Golembiewski*, 382 F.3d at 724. The Commissioner concedes that issue here, and thus the sole dispute is over the amount of fees sought.

The Commissioner's only disagreement with the amount sought involves the plaintiff's attorney's practice of billing in quarter-hour increments – a practice, the Commissioner argues, that may result in over-billing for ministerial tasks like "reviewing minute orders, reviewing a consent order, reviewing an order cancelling a status hearing, making a phone call (no matter how short it may have been), etc." (*Defendant's Response to Plaintiff's Motion for Attorney's Fees*, at 1). This is an objection the Commissioner has for years raised with metronomic frequency in cases throughout the country.[1] While a number of cases in other districts in varying degrees support the Commissioner's position, many do not. Yet, the Commissioner's brief fails even to note the existence of any cases contrary to its position and oddly cites only a single case from this district.

Moreover, while he objects in the abstract to the practice, the Commissioner's brief does not pause to specify a single entry that he claims to be unreasonable. He merely indicates that there are 38 quarter-hour entries, and apparently suggests without any analysis of them that there should be a blanket disapproval or some reduction; how much he does not say. That is an unsatisfactory way of proceeding, for it is not for the court to make arguments for a party. *See Fabriko Acquisition Corporation v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008)("Nor does [movant] present any case law

---

[1] The issue arises in non-EAJA cases as well, and there are hundreds of decisions dealing with this issue or some variant of it.

supporting its theory. It is not the job of this court to develop arguments for [parties]."); *United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008)("Because it is not the obligation of this Court to research and construct the legal arguments available to parties, . . . these arguments are waived and warrant no discussion."); *White Eagle Co-opinion Ass'n v. Conner*, 553 F.3d 467, 476 n. 6 (7th Cir. 2009) ("[s]keletal and unsupported arguments will not be considered and the argument will be deemed waived." ); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).")(parenthesis in original). Nor are district judges archaeologists. They need not excavate masses of papers in search of revealing tidbits-not only because the rules of procedure place the burden on the litigants, but also because their time is scarce. *Northwestern Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662 -663 (7th Cir.1994).

The method of billing to which the Commissioner objects, in and of itself, is not barred by the EAJA. That is, there is no statutory provision forbidding billing in quarter-hour segments. Thus, the fact that an applicant has logged his time in that way rather than in 6 minute segments, ought not be decisive in any case where a court is empowered to grant reasonable attorneys fees to the prevailing party. As the court noted in *Diffenderfer v. Gomez-Colon*, 587 F.3d 445 (1st Cir 2009):

> Plaintiffs misconstrue the district court's reasoning: the reduction was not imposed because the district court found billing in quarter-hour increments per se unreasonable, but because it found that plaintiffs had billed fifty or more menial items in quarter-hour increments when the actual task would have taken a negligible amount of time. *See Diffenderfer*, 606 F.Supp.2d at 229. The district court explained that it imposed this reduction pursuant to its duty to ensure that the ultimate fee was reasonable. Its conclusions on this and other reductions were well within the boundaries of existing precedents, and we find no abuse of discretion.

*Id.* at 455-456.[2]

The Equal Access to Justice Act certainly does not prescribe billing in one-tenth or 6 minute increments. The question that a judge must decide under the Act is not the method of billing, but whether the fees and costs are excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).[3] Billing in tenth-of-an-hour segments does not assure proper billing. It merely ensures that the degree of over-billing is less unreasonable than might occur with billing in quarter hour segments. For example, if it takes thirty seconds to read an order scheduling a particular matter, billing a tenth of an hour is clearly improper. That it is only less improper than billing a quarter of an hour is beside the point. In each case, the billing is unreasonable. The only difference is the degree of impermissibility.

Rather than specifying or proscribing a particular billing method, the EAJA looks to the amount of a particular charge in relation to the task. *Diffenderfer,* 587 F.3d at 445-56. The Commissioner's argument that lawyers must bill in tenths of an hour or suffer an across-the-board, pro tanto reduction of their fees is not only unsupported by the text of the EAJA, but has not been favorably received in this district, whether in EAJA or other cases. *See Farfaras v. Citizens Bank*

---

[2] *Cf.,Republican Party of Minn. v. White*, 456 F.3d 912, 920 (8th Cir. 2006)("Instead of denying fees because the Bopp firm did not bill in tenth-hour increments, we have reviewed the record for instances where one-quarter of an hour was billed for a conference," be it in-person or by telephone. We found over 500 such examples. Without a more specific accounting, we are left to believe that these are the most likely examples where over-billing may have occurred. As a correction, we have converted each of those charges into tenth-hour charges. As a result, RPM's request for fees will be reduced by a total of $26,033.25."). *See also A.C. ex rel. Clark v. District of Columbia*, 674 F.Supp.2d 149 (D.D.C. 2009)(approving quarter hour billings but concluding that future billings must reflect six minute increments).

[3] That is also the test by which most fee awards are measured. For example, under ERISA, hours spent are not reasonably expended if they are excessive, redundant, or otherwise unnecessary. *Stark v. PPM America, Inc.,* 354 F.3d 666, 674 (7th Cir. 2004).

& Trust Co. of Chicago, 2005 WL 910739, *2 (N.D.Ill. 2005)(Leinenweber, J.); Welsh v. Halter, 2004 WL 1595249, *3 (N.D.Ill. 2004)(Gottschall, J.); Willis v. Barnhart, 2002 WL 31779907, *3 (N.D.Ill. 2002)(Coar, J.); Harper v. Massanari, 2002 WL 1998302, *2 (N.D.Ill.2002)(Andersen, J.); Johnson, on Behalf of Johnson v. Shalala, 1994 WL 445090, *6 (N.D.Ill.1994)(Nordberg, J.); Luciano v. Sullivan, 1990 WL 207375, *1 (N.D.Ill.1990)(Kocoras, J.); Chao v. Current Development Corp.,2009 WL 393826 at *5 (N.D.Ill. 2009)(Schenkier, M.J.).[4]

For example, in Welsh, the government objected to the plaintiff's recordation of fees in fifteen minute increments. Judge Gottschall noted that numerous cases allowed billing in quarter hour increments and "s[aw] no reason why billing in quarter hour increments leads to excessive billing." 2004 WL 1595249, *3. In Luciano, the plaintiff's counsel demonstrated that as many entries were rounded down to fifteen minutes as were rounded up. 1990 WL 207375, *1. In Harper, the court relied on Wonders v. Shalala, 822 F.Supp. 1345, 1349 (E.D.Wis. 1993), for the proposition that "the Social Security Commissioner has stated in the past that one-quarter hour increments are allowable if reasonably applied." 2002 WL 1998302, *2. See also Elliott v. Metropolitan Life Insurance. Co., 2007 WL 4192001, 6 (E.D.Ky. 2007)("While it is true that the use of quarter hour billing increments can result in a higher fee than would result through use of tenth-of-an-hour increments, in the experience of this court the alternative billing method claimed by plaintiffs counsel is not so unusual as to merit further reduction."); Travelers Indemnity Co. v. Liberty Mutual Insurance, 1997 WL 102506 (N.D.Cal. 1997).

---

[4] Of course, district court cases are not binding precedent. DiMa Corp. v. Town of Hallie, 185 F.3d 823, 831 n. 6 (7ᵗʰ Cir. 1999); Mayo v. Lane, 867 F.2d 374, 376 (7ᵗʰ Cir. 1989). But their reasoning, if otherwise sound, is not to be ignored.

The Commissioner's argument, at least in its ultimate form, effectively requires reduction of charges merely because they were billed in quarter hour segments of time rather than one-tenth of an hour. But that would make the inquiry turn solely on the way in which the time is recorded, rather than whether the time spent was excessive, unnecessary or redundant. And that, in turn, would be contrary to the text of the EAJA. In *Wonders*, the court said:

> the Secretary argues that [plaintiff's attorney's] accounting should be itemized in tenths, rather than quarters, of an hour. Though concurring with the principles of judicial economy underlying Bowman v. Secretary of Health and Human Services, 744 F.Supp. 898, 899-901 (E.D.Ark.1989), cited by the Secretary, the Court finds now, as it has before, (Order of June 29, 1992 at 8), that none of the time expenditures reported by [plaintiff's attorney] are unreasonable for the services rendered. As such, the Court will require no further itemization.

822 F.Supp. 1345, 1349 (E.D.Wis. 1993)(citations to briefs omitted). *See also Willis*, 2002 WL 31779907, *3 (*citing Wonders, supra*); *Sandoval v. Apfel*, 2000 WL 245241, *12 (N.D.Tex. 2000)("The Commissioner cites several cases in support of an across-the-board reduction for billing in this manner, but these decisions, while critical of quarter-hour time entries, do not persuade the court that billing by this method is excessive *per se*. .... The Commissioner has not adduced evidence that quarter-hour timekeeping is unreasonable of itself or is no longer an accepted practice in the relevant legal market. Absent such proof, the court declines to apply a plenary reduction to Weisbrod's fees.").

This is not to say that the argument that quarter-hour billing is inherently inaccurate and inevitably leads to over billing has not met with success. It has. Indeed, a number of courts have either expressed disapproval of the practice or forbidden it, both in EAJA and non-EAJA cases. *See e.g., A.C. ex rel. Clark v. District of Columbia*, 674 F.Supp.2d 149 (D.D.C. 2009)(approving quarter hour billings, but concluding that future billings must reflect six minute increments); *Cambridge*

6

*Toxicology Group, Inc. v. Valexcinos*, 2007 WL 2192894 (5th Cir. 2007); *Welch v. Metropolitan Life Insurance Co.*, 480 F.3d 942 (9th Cir. 2007); *Ingalls Shipbuilding, Inc. v. Director*, 46 F.3d 66 (5th Cir. 1995); *D.C. v. Dept. of Education*, 2008 WL 2902079 (D.Hawaii 2008)(the court "emphasize[d] that billing by the quarter-hour is a strongly disfavored practice," but refused to make any deductions); *Wiatt v. State Farm Insurance Co.*, 2008 WL 2229630 (D.N.M. 2008)("while the Court would prefer to see tenth of an hour increments used in fee claims, it cannot say that other methods of billing are unreasonable *per se*); *Winters by Winters, v. Department of Health and Human Servs.*, 1993 WL 114646 (Fed.Cl. 1993); *Heismann Trophy Trust v. Smack Apparel Company*, 2009 WL 3425635 (S.D.N.Y 2009); *Brumitte vs. Astrue*, 2009 WL 320-8594 (E.D. Tenn, 2009) (noting the disfavored status of the practice of quarter hour billing in the Eastern District of Tennessee); *Lingenfelter, v. Commissioner*, 2009 WL 2900286 (C.D.Cal. 2009); *Thomas ex rel. A.T. v. District of Columbia*, 2007 WL 891367(D.D.C. 2007); *Paramount pictures Corp. Versus Carroll*, 2006 WL 1990815 (D. Hawaii 2006); *Hagan v. MRS Associates, Inc.*, 2001 WL 531119 (E.D.La. 2001).

Some district courts have reduced the requested fee awards with an across the board reduction when the attorneys billed in this fashion. *See, e.g., Mahtesian v. Snow*, 2004 WL 2889922, at * 9 (N.D.Cal. Dec.14, 2004); *Miller v. Bowen*, 639 F.Supp. 832, 836 (E.D.N.C.1986); *Lopez v. S.F. Unified Sch. Dist.*, 385 F.Supp.2d 981, 993 (N.D.Cal.2005) (reducing fee award by 10% to account for the practice of billing by the quarter-hour); *Zucker v. Occidental Petroleum Corp.*, 968 F.Supp. 1396, 1403 (C.D.Cal.1997) (reducing fee award by 5% due to attorney's practice of rounding to the nearest quarter hour); *Miller v. Bowen*, 639 F.Supp. 832, 836 (E.D.N.C.1986) (ordering a 25% reduction in attorney's fee award for, inter alia, using quarter-hour increments to record time).

Other district courts, however, have not reduced the requested fee awards where it is the regular practice of the law firm to bill in quarter-hour increments. *See, e.g., Branham v. Snow*, 2006 WL 1750443, at *5 (S.D.Ind. June 19, 2006); *Bd. of Educ. of Frederick County v. I.S. ex rel. Summers*, 358 F.Supp.2d 462, 470 (D.Md.2005); *United States v. $60,201.00*, 291 F.Supp.2d 1126, 1131 (C.D.Cal. 2003); *Herrejon v. Appetizers And, Inc.*, 1999 WL 116598, at *3 (N.D.Ill. 1999); *Morimanno v. Taco Bell*, 979 F.Supp. 791, 799 (N.D.Ind.1997); *Branham v. Snow*, 2006 WL 1750443, 5 (S.D.Ind. 2006)("Perhaps billing in six-minute increments is the better practice; however, the court agrees with the district courts in this circuit that if it is the regular practice of the firm to bill in quarter-hour increments, then the court will not force them to change that practice in this case.... Thus, the quarter-hour billing is not a deficiency and does not justify a general 5% reduction in the requested fees."). *Cf. C & D Production Services v. Director, Office of Worker's Compensation Programs*, 2010 WL 1655320, 1 (5th Cir. 2010)(while noting that it had in the past expressed disfavor with the use of quarter-hour billing periods, the court refused to cut the time in the absence of a showing that the time billed was not an accurate reflection of the time actually expended); *Herrojon ,v. Appetizers And, Inc.*, 1999 WL 116598, at *3 (N.D.Ill. 1999)("[w]e do not think [quarter hour] billing is inappropriate and will not force a firm to change its established billing procedure").

At one time, quarter-hour billing was no doubt the way lawyers routinely billed their clients in the Chicago area. *See Johnson*, 1994 WL 445090, *6 ("... there is no indication that Plaintiffs' counsel bills his private clients in increments smaller than fifteen minutes ...."). *See also Love v. Mail on Sunday*, 2007 WL 2709975 (S.D.Cal. 2007)("billing in quarter hour increments is a common practice for federal litigators in Los Angeles."). In other areas, billing practices differ and the courts

have been inhospitable to the practice of billing in quarter hour segments. In addition to the cases cited *supra* at 6, *see Coughlin v. Astrue*, 2009 WL 3165744, *3 (N.D.N.Y. 2009); *Cobb v. Astrue*, 2009 WL 2940205, 2 (D.Conn.2009); *Uchytil v. Astrue*, 2009 WL 2132719, *1 (D.Or. 2009); *Haiges v. Commissioner of Social Sec.*, 2008 WL 5412898, 4 (S.D.Ohio 2008); *Debose v. Apfel*, 2000 WL 298927, *2 (E.D.Pa. 2000); *Fine v. Sullivan*, 1993 WL 330501, *3 (S.D.N.Y. 1993).

Approving charges billed by the quarter hour merely because that is the norm in a particular locale, would appear to be as inappropriate as disapproving a particular charge because it was not billed in tenths of an hour. The inquiry is not the billing method, but whether or not the charges are compensable under the EAJA or under the criteria applicable in the particular case. The EAJA is neither confined to nor expanded by the tolerance a lawyer's private clients may have for a particular billing method, and courts are no more at liberty to engraft onto a statute, whether obliquely or directly, provisions Congress did not see fit to include. *Honig v. Doe,* 484 U.S. 305, 325 (1988); *Harris v. Garner,* 216 F.3d 970, 976 (7th Cir. 2000).

Despite some broad language in a number of the cases – leaving to one side those in which the court has said it will no longer accept any fee application where the charges are billed in quarter-hour segments – the decisions ultimately are based on a determination that a particular charge either is or is not excessive, unnecessary or redundant. *See e.g., Stern v. Astrue*, 2009 WL 282-4751 (D.Md. 2009); *Carlisle v. Barnhart*, 2008 WL 420032 (S.D.Ohio 2008)("The Commissioner properly recognizes that several courts have declined to impose a blanket rule to the effect that quarter-hour increments lead to overbilling.... Such cases stand for the proposition that Courts should review the specifically challenged quarter-hour billing entries to determine whether they were reasonable.").

It is not without significance that the Commissioner has seemingly approved billing in fifteen-minute increments in his Programs Operations Management Systems ("POMS"). The POMS is a primary source of information used by Social Security employees to process claims for Social Security benefits. https://secure.ssa.gov/apps10/poms.nsf/aboutpoms. Under the topic of petitions for fees for services provided in proceedings before the Social Security Administration, it gives an example of what are deemed proper entries in a fee petition:

1/4/95 Meeting with client (.5 hr.)

1/6/95 Telephonic calls with client and claims representative (.25 hr.)

1/7/95 Preparation of brief (1.75 hr.)

POMS GN 03930.020(B)(3). With entries of .25 and 1.75 hours, the recommended method of recording time certainly does not appear to mandate one-tenth-hour increments, which is what the Commissioner is espousing here and has for many years across the country.

## B.

In any event, since the Commissioner makes no specific argument regarding any particular task, there will be no deductions, especially since the overall request of $8,180.25 is not out of line. Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *Bricks, Inc. v. United States E.P.A.*, 426 F.3d 918, 922 (7th Cir. 2005).

The plaintiff's counsel seeks an hourly rate of $167.80 for work performed from January 2008 through May 2009. She supports the requested rate by attaching cost of living calculations based upon the "all items" portion of the Consumer Price Index that adjust the fee upward from

10

1996, when the base of $125 was established. These calculations appear to be correct, and the courts of this district have accepted these types of calculations to support an adjustment in the hourly rate available under the EAJA. *See Davis v. Barnhart*, 2004 WL 1899978, *3 (N.D.Ill. Aug. 20, 2004); *Holland v. Barnhart*, 2004 WL 419871, *1 (N.D.Ill. Feb. 3, 2004); *Banks v. Barnhart*, 2003 WL 22019796, at *5 (N.D.Ill. Aug. 26, 2003). Accordingly, the requested rates for the attorneys working on this matter are reasonable.

The requested number of hours – 48.75 – is within the permissible range for cases like this, which is, generally speaking, 40 to 60 hours. *See Nickola v. Barnhart*, 2004 WL 2713075, *2 (W.D.Wis. Nov. 24, 2004)(roughly 60 hours of combined law clerk and attorney time it took to produce plaintiff's briefs was not excessive); *Holland v. Barnhart*, 2004 WL 419871, *2 (N.D.Ill. Feb. 3, 2004)(56.85 hours devoted to the preparation of "three briefs, totaling 48 pages" not unreasonable); *Anderson v. Barnhart*, 2006 WL 4673476, *5 (N.D.Ill. Feb. 9, 2006)(38.9 hours spent on brief and reply "unextraordinary"); *Cuevas v. Barnhart*, 2004 WL 3037939, *2 (N.D.Ill. 2004) (56.5 hours of attorney work found reasonable); *Taylor v. Barnhart*, 2004 WL 1114783, *3 (N.D.Ill. May 14, 2004) (51 hours of attorney work found reasonable). Accordingly, the requested fee amount is reasonable.

This is not to suggest that an award is sustainable merely because the total amount requested is within the range of applications that have been sustained in other cases. That would be manifestly improper, for each charge could still be excessive, duplicative, or unnecessary and still be in the aggregate within the total amount approved in other cases. Nor is it to suggest that the result would have been the same had the Commissioner's brief made the kinds of specific arguments that the adversary system requires.

## CONCLUSION

The plaintiff's request for fees under the EAJA [#27] in the amount of $8,180.25 is granted.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: ~~5/28/2010~~

*nunc pro tunc*
5/28/10

6/28/10

12